**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE:<br>Shavell Gordine<br>　　　　　　　　　Debtor | Chapter 13<br><br>Case No. 17-12657 ELF |
| WELLS FARGO USA HOLDINGS, INC.<br>　　　　　　　　　Movant<br>　　v.<br>Shavell Gordine<br>Barrington Johnson  (CoDebtor)<br>and<br>William C. Miller, Esquire<br>　　　　　　　　　Respondents | |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

　　　　WELLS FARGO USA HOLDINGS, INC. ("Movant") hereby moves this court, pursuant to 11 U.S.C. § 362 and the CoDebtor Stay of §1301, for relief from the automatic stay with respect to certain real property of the Debtor having an address of 5215 Sylvester Street, Philadelphia, PA 19124 (the "Property), for all purposes allowed by the Note (defined below), the Mortgage (defined below), and applicable law, including but not limited to the right to foreclose. In further support of this Motion, Movant respectfully states:

1. A petition under Chapter 13 of the United States Bankruptcy Code was filed with respect to the Debtor on 4/14/2017.

2. The Chapter 13 Plan was confirmed on 10/3/2017.

3. The Debtor has executed and delivered or is otherwise obligated with respect to that certain promissory note in the original principal amount of $83,835.18 (the "Note"). A copy of the Note is attached hereto as **EXHIBIT A.** Movant is an entity entitled to enforce the Note.

4. Pursuant to that certain Mortgage dated 8/30/2007, and recorded in the office of the county clerk of Philadelphia county, Pennsylvania (the "Mortgage"), all obligations (collectively, the "Obligations") of the Debtor under and with respect to the Note and the Mortgage are secured by the Property. A copy of the Mortgage is attached hereto as **EXHIBIT B**.

5. A copy of the Merger Document to Movant is attached hereto as **EXHIBIT C**.

6. Wells Fargo Bank, N.A. services the loan on the Property referenced in this Motion. In the event the automatic stay in this case is modified, this case dismisses, and/or the Debtor obtains a discharge and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of Movant. Debtor executed a promissory note secured by a mortgage or deed of trust. The promissory note is either made payable to Creditor or has been duly indorsed. Creditor, directly or through an agent, has possession of the promissory note. Creditor is the original mortgagee or the beneficiary or assignee of the mortgage or deed of trust.

7. As of 10/12/2018, the outstanding amount of the Obligations less any partial payments or suspense balance is **$79,233.72.**

8. The following chart sets forth the number and amount of post-petition payments due pursuant to the terms of the Note that have been missed by the Debtor as of 10/12/2018.

| # of Missed Pymts | From: | To: | Monthly Pymt Amt | Total Missed Pymts: |
|---|---|---|---|---|
| 1 | 10/6/2018 | 10/6/2018 | $507.59 | $ 507.59 |
| **Less Post-Petition Partial Payments (Suspense Balance):** | | | | ($190.70) |
| **TOTAL:** | | | | **$ 316.89** |

9. Movant has been notified that Debtor is currently delinquent in Real Estate Taxes to the City of Philadelphia in the total amount of $1,158.08 (**EXHIBIT D**). Failure to pay this amount may result in a Tax Sale being scheduled on the mortgaged premises.

10. As of 10/12/2018, the total post-petition arrearage/delinquency is $ 316.89.

11. The estimated market value of the property is $83,098.80. The basis for such valuation is Debtor's Schedule A/B, which is attached hereto as **EXHIBIT E**. The debtor claimed exemption in Schedule C on the property in the amount of $5,016.80.

12. Upon information and belief, the encumbrances on the property listed in the schedules or otherwise known, including but not limited to the encumbrances granted to Movant, listed in order of priority are: (I) Movant (**$79,233.72**). There is inconsequential equity in the property.

13. The amount of the next monthly payment of the Debtor under the terms of the Note and Mortgage is $507.59 and will come due on 11/6/2018.

14. Cause exists for relief from the automatic stay for the following reasons:

    a. Movant's interest in the property is not adequately protected, as the Debtor's Plan fails to provide for ongoing payment of real estate taxes.
    b. Post confirmation payments required by the confirmed plan or proposed plan have not been made to Movant.
    c. Pursuant to 11 U.S.C. § 362(d)(2)(A), Debtor has inconsequential equity in the Property; and pursuant to § 362(d)(2)(B), the Property is not necessary for an effective reorganization.

WHEREFORE, Movant prays that this Court issue an Order terminating or modifying the stay and granting the following:

1. Relief from the stay for all purposes allowed by the Note, the Mortgage, and applicable law, including but not limited to allowing Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the property.
2. That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.
3. That the 14 Day Stay described by Bankruptcy Rule 4001(a)(3) be waived.
4. For such other relief as the Court deems proper.
5. Movant further requests that upon entry of an order granting relief from stay, it be exempted from further compliance with Fed. Rule Bankr. P. 3002.1 in the instant bankruptcy case.

October 23, 2018

**/s/ Jill Manuel-Coughlin, Esquire**
POWERS, KIRN & ASSOCIATES, LLC
Jill Manuel-Coughlin, Esquire; Atty ID # 63252
Harry B. Reese, Esquire; Atty ID #310501
8 Neshaminy Interplex, Suite 215
Trevose, PA 19053
215-942-2090 phone; 215-942-8661 fax
bankruptcy@pkallc.com
Attorney for Movant